UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JASON GORDON,

                             Petitioner,                  NOT FOR PUBLICATION
        -against-                                        **MEMORANDUM & ORDER**
                                                                             09-CV-1368 (CBA)

HAROLD D. GRAHAM,

                             Respondent.
----------------------------------------------------------X
**AMON, Chief United States District Judge**.

      Jason Gordon, proceeding pro se, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction and sentence for one count of Robbery in the First Degree, N.Y. Penal Law § 160.15(4), and two counts of Robbery in the Second Degree, N.Y. Penal Law §§ 160.10(1) and 160.10(2)(a). Gordon asserts two grounds for relief: (1) his constitutional rights were violated when the trial court interfered with defense counsel's questioning of the witnesses; (2) the evidence was legally insufficient to prove that the victim suffered a physical injury, as required for a conviction under N.Y. Penal Law § 160.10(2)(a). For the reasons that follow, the petition is denied.

## BACKGROUND

      The evidence presented at Gordon's trial in New York State Supreme Court, Queens County, established that at approximately 1:10am on September 3, 2003, Gordon and an accomplice (who was not apprehended) approached Luisa Herrera as she entered through the exterior, unlocked door to her apartment building. The unlocked door led to a hallway with fluorescent lighting, followed by a second door that led to the rest of the building. The second door required a key for entry.

      The two men entered the hallway behind Herrera. Gordon grabbed Herrara's purse, which contained cash and credit cards. At some point during the robbery, Gordon threw Herrara

1

to the ground and pressed a handgun against her head while his accomplice repeatedly yelled "shoot her." Gordon and his accomplice fled the apartment building with Herrara's purse.

Herrera got up from the floor and followed the two men out of the building. She watched them enter a car that was double-parked nearby. She specifically saw Gordon get into the driver's seat. Herrera saw the license plate number and phoned 911 and reported the license plate number to an operator. The police responded and offered to call an ambulance, but Herrera declined. The next morning, Herrara went to the emergency room due to pain.

Detective Brian Maguire interviewed Herrara and received a copy of the 911 tape. A New York State Department of Motor Vehicles check revealed that the vehicle was owned by and registered to Gordon. After searching for several weeks, Detective Maguire found and arrested Gordon. Gordon provided a written statement that described the robbery, admitted that he had been at the scene, and admitted that he drove away in his car. Herrera subsequently identified Gordon in a lineup as the individual who robbed her at gunpoint.

Gordon was charged with one count of Robbery in the First Degree, N.Y. Penal Law § 160.15(4), and two counts of Robbery in the Second Degree, N.Y. Penal Law §§ 160.10(1) and 160.10(2)(a). At trial, the government presented the testimony of Detective Maguire and Luisa Herrera. Gordon was convicted on all three counts and sentenced to fifteen years imprisonment on the first-degree robbery conviction and five years imprisonment on each of the second-degree robbery convictions, all to be served concurrently. He was also sentenced to a term of five years post-release supervision.

Gordon, through counsel, appealed to the New York Supreme Court, Appellate Division, Second Department. He raised the same two claims for relief that he now raises in his federal habeas petition: (1) he was deprived of due process, his rights to present a defense, confrontation, and the effective assistance of counsel when the court repeatedly curtailed defense counsel's questioning of the witnesses in a way that showed disdain for both counsel's

performance and the theory of defense; and (2) the evidence was legally insufficient to prove that the complainant suffered a physical injury, as required to support Gordon's convictions for second-degree robbery under N.Y. Penal Law § 160.10(2)(a).

The Appellate Division affirmed Gordon's convictions and sentence. People v. Gordon, 47 A.D.3d 833 (N.Y. App. 2008). As to Gordon's judicial interference claim, the court stated only that Gordon's argument was "unpreserved for appellate review and, in any event, is without merit." Id. at 834. As to the sufficiency of the evidence claim, the court found that it was also unpreserved for appellate review as Gordon failed to raise it before the trial court in his motion to dismiss. Id. The court also held that "the evidence, even in the absence of medical testimony, was legally sufficient to sustain a finding of 'impairment of physical condition or substantial pain' necessary to support a finding of physical injury." Id. (quoting N.Y. Penal Law § 10.00(9)). The Court of Appeals denied leave to appeal. People v. Gordon, 10 N.Y.3d 811 (2008). Gordon subsequently filed this timely petition for a writ of habeas corpus.

## STANDARD OF REVIEW

A petitioner in state custody pursuant to a criminal judgment of a state court is entitled to federal habeas relief only if he can establish that he is being confined in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254.

Relevant here, claims that are presented to the state courts but denied on state procedural grounds are deemed procedurally defaulted and generally cannot support federal habeas relief. Harris v. Reed, 489 U.S. 255, 262 (1989) ("an adequate and independent finding of procedural default will bar federal habeas review of the federal claim").

When a federal claim is properly presented to the state courts and adjudicated against the petitioner on the merits, a petitioner is only entitled to federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) if the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as

3

determined by the Supreme Court of the United States; or . . . [was] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)–(2); see also Williams v. Taylor, 529 U.S. 362, 405–06 (2000); Henry v. Poole, 409 F.3d 48, 67 (2d Cir. 2005). The Supreme Court has explained the requirements of § 2254(d) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-413.

## DISCUSSION

**I.  Judicial interference**

Gordon argues that the trial judge exhibited an attitude of disdain for the merits of the defense, which he displayed by interposing (and sustaining) exasperated objections to defense counsel's questions[1] and by improperly curtailing defense counsel's attempts to cast doubt on the credibility of the victim and her testimony. According to Gordon, this constituted excessive and biased judicial interference that deprived him of his due process rights, his right to present a defense, his right to confront the witnesses against him, and his right to effective assistance of counsel.

The Appellate Division found this claim "unpreserved for appellate review and, in any event, [] without merit." People v. Gordon, 47 A.D.3d at 834. The Appellate Division's reliance on an independent and adequate state procedural ground precludes federal habeas review of this claim. Harris v. Reed, 489 U.S. 255, 262 (1989); see Corriolan v. Phillips, No. 04-CV-5476,

---

[1] Gordon emphasizes that the trial judge imposed objections by repeating "sustained, sustained, sustained, sustained" (see, e.g., Herrera Test. at 236, 263-64), or by asking questions such as "Is this relevant to anything?" (id. at 239).

4

2008 WL 2622935, at *8 (E.D.N.Y. June 30, 2008) ("The Appellate Division explicitly held that defendant's claim that the trial court improperly interjected itself into the proceedings was unpreserved for appellate review. Because the court relied on an independent and adequate state procedural ground in rejecting the claim, this court will not review it."); Robles v. Superintendent of Elmira Facility, No. 07 Civ. 596, 2007 WL 2600857, at *2-3 (S.D.N.Y. Aug. 30, 2007) (declining to consider the petitioner's unpreserved claim of judicial interference). Gordon has failed to advance any argument regarding cause for the procedural default or suggesting that a fundamental miscarriage of justice would occur if his claim is not addressed, and thus the Court finds this claim barred by the procedural default doctrine. Silent v. Perlmann, No. 07-CV-4524, 2008 WL 5113418, at *7 (E.D.N.Y. Nov. 15, 2008) (where "petitioner does not offer any information regarding cause for the default or a miscarriage of justice, the claim should be precluded").

Even assuming that Gordon's claim is not procedurally barred, the Appellate Division's determination that the claim lacks merit was not contrary to or an unreasonable application of clearly established federal law. The record does not support Gordon's contention that the trial court interfered with Gordon's right to present a defense, his right to confront the witnesses against him, or his right to effective assistance of counsel. The court permitted defense counsel to explore numerous issues during the cross-examination of Detective Maguire and Luisa Herrera without improperly curtailing the questioning. Defense counsel was permitted to confront Herrera with alleged prior inconsistent statements that she made regarding the number of perpetrators involved in the robbery, the identity of the individual with whom she was speaking to on her cell phone during the robbery, the sequence of events that occurred before and during the robbery, and the number of times defendant's accomplice yelled "shoot her." (Herrera Test. at pp. 252-253, 257-258, 259-260, 262, 263, 264.) The court permitted defense counsel to cross-examine Herrera regarding the amount of time it took for her to get from her

5

building to defendant's car after the robbery. (Id. at 267, 269-270.) Additionally, the court permitted petitioner to cross-examine Detective Maguire about the statement Gordon provided after he was arrested. (Maguire Test. at pp. 191-198.) The court limited defense counsel's questioning only when it became unduly repetitive or irrelevant.

Nor does the record support Gordon's argument that the trial court improperly displayed an anti-defense bias by interposing objections sua sponte during defense counsel's examination of the witnesses. Although the court did impose its own objections, it did so during both defense counsel's and the prosecutor's witness examinations. (See Maguire Test. at 169; Herrera Test. at 207, 222). The court also overruled several of the government's objections to defense counsel's questions, (see Maguire Test. at 194; Herrera Test. at 251, 252, 258, 275.), and sustained several of defense counsel's objections to the prosecutor's questioning, (see Maguire Test. at 161; Herrera Test. at 208, 224).

Upon review of the trial record, this Court concludes that the trial judge did not commit any constitutional error by interfering with defense counsel's examination of the witnesses or by exhibiting an anti-defense bias. The trial court acted well within the bounds of its discretion in making the evidentiary rulings at issue. Accordingly, Gordon is not entitled to relief on this claim.

## II.     Sufficiency of the evidence

Gordon's second claim is that the evidence adduced at trial was insufficient to support a conviction for second-degree robbery under New York Penal Law § 160.10(2)(a). Specifically, he argues that the evidence presented at trial was insufficient to support a finding that the victim, Luisa Herrera, suffered a physical injury.[2]

---

[2] Under New York Penal Law § 160.10(2)(a), a person "is guilty of robbery in the second degree when he forcibly steals property and when . . . [i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [c]auses physical injury to any person who is not a participant in the crime."

6

The Appellate Division rejected this claim as unpreserved for appellate review on the ground that Gordon failed to adequately raise it before the trial court. Gordon, 47 A.D.3d at 833-34; see People v. Williams, 38 A.D.3d 576 (N.Y. 2007) ("The defendant's challenge to the legal sufficiency of the evidence to sustain his convictions is unpreserved for appellate review since defense counsel made only a general motion to dismiss the indictment and did not elaborate with specific facts or grounds the basis for dismissal."). Once again, the Appellate Division's reliance this independent and adequate state procedural ground precludes federal habeas review of this claim. Rosenfield, 820 F.2d at 54. Gordon has not made a showing of good cause sufficient to overcome this procedural bar.

The Appellate Division also held that, even if Gordon's sufficiency of the evidence claim were not procedurally barred, the evidence at trial was legally sufficient to support Gordon's conviction. Gordon, 47 A.D.2d at 834. A petitioner "challenging the sufficiency of the evidence bears a very heavy burden." Einaugler v. Supreme Court, 109 F.3d 836, 840 (2d. Cir. 1997). The Supreme Court recently reaffirmed the fundamental principle "that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from the evidence admitted at trial." Cavazos v. Smith, 132 S. Ct. 2, 5 (2011). "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Id.; Jackson v. Virginia, 443 U.S. 307, 324 (1979) (holding that a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt"). Moreover, this Court owes deference not only to the jury's verdict, but also to the Appellate Division's decision rejecting Gordon's challenge to the sufficiency of the evidence. Cavazos, 132 S. Ct. at 7 (reminding lower courts that a federal court may overturn a state court decision rejecting a sufficiency of the evidence challenge only if the state court decision was "objectively unreasonable").

It was not objectively unreasonable for the Appellate Division to conclude that the evidence was legally sufficient to support a finding that Gordon caused physical injury to Herrera. Under New York Law "physical injury" is defined as "impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9). "Although 'substantial pain' must be 'more than slight or trivial pain' it need not be 'severe or intense to be substantial.'" People v. Rahman, 923 N.Y.S.2d 186, 187 (N.Y. App. Div. 2011) (quoting People v. Chiddick, 8 Ny.Y.3d 445, 447 (N.Y. 2007)). Herrera testified Gordon "threw [her] entire body" against the floor. (Herrera Test. at pp. 214, 217). She further testified, "I hit my hip really bad and my head." (Id.) When she was thrown to the floor, the two men were pulling for her purse. (Id.) She explained, "I was resisting that and that bruised my arm as well really badly." (Id.) As she got up and chased after the two men, her "hip was in a lot of pain" and her "head was hurting." (Id. at 214.) When asked whether she lost consciousness, Herrera answered, "I was fully aware of everything that was going on. I was just in pain. I was in pain, in a lot of pain. I was aware but my hip was in a lot of pain." (Id. at 266). Herrerra stated that she was limping when she went after the men and took down the license place. (Id. at 274.)

Gordon emphasizes that Herrera declined medical attention on the night of the crime, received only Tylenol for her pain at the hospital the next day, had no broken bones or external injuries, returned to work a few days later, and required no follow-up treatment. However, these facts do not negate a finding that Herrara was in a substantial amount of pain. See People v. Hodge, 921 N.Y.S.2d 71, 72 (N.Y. App Div. 2011) ("Minor injuries causing moderate pain may suffice, as may injuries that did not require any medical treatment.") (citation omitted). Herrera explained that she declined medical attention on the night of the incident because she "didn't want to be in a hospital feeling like this" and wanted to go home. (Id. at 221.) She "didn't sleep that night" and "the next day [she] had a lot of pain and [she] had to go to the emergency room."

(Id. at 221.)  Moreover, Herrera testified at trial that she continues to experience pain in her leg. (Id. at 222.)

Based on this testimony, a rational juror could conclude that Gordon caused physical injury to Herrera when he threw her to the ground during the robbery.  Accordingly, Gordon is not entitled to relief on this claim.

## CONCLUSION

The petition is denied.  No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
      January 31, 2012                                    /s/
                                                    Carol Bagley Amon
                                                    Chief United States District Judge